UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OTERO VARGAS,<br>　　　　Petitioner,<br>　　v.<br>B. CATES, Warden,<br>　　　　Respondent. | Case No. 18-cv-07185-VC　(PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING PETITIONER'S "MOTION TO DISMISS RESPONDENT'S CLAIMS"; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 17, 18 |

　　　Juan Otero Vargas, a California inmate, filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 asserting the following claims: (1) at his preliminary hearing, police officers testified to tampering with evidence and this evidence should have been suppressed; (2) at his preliminary hearing, the victim's testimony that contradicted her police report should have been suppressed; and (3) police officers conducted an illegal search and seizure.  The respondent moves to dismiss on several grounds.  Vargas submits a document entitled, "motion to dismiss respondent's claims," which is his opposition.  The respondent's motion is granted.

**BACKGROUND**

　　　On July 22, 2014, Vargas pleaded no contest to one count of second-degree robbery and

admitted one strike prior conviction. Ex. C (plea hearing).[1] On October 21, 2014, Vargas was sentenced to 10 years in prison. Ex. D (sentencing hearing).

On February 12, 2015, Vargas filed a petition for a writ of habeas corpus in the Monterey County Superior Court asserting two claims based on improper sentencing. Ex. E.[2] On March 8, 2015, the court denied the petition. *Id.* On April 16, 2015, Vargas filed a petition for a writ of habeas corpus in the California Court of Appeal. Ex. F. The court denied the petition on May 29, 2015. *Id.* On November 19, 2015, Vargas filed a petition alleging sentencing violations in the California Supreme Court, which was denied on February 24, 2016. Ex. G.

On November 29, 2017, Vargas filed a second petition for a writ of habeas corpus in the Monterey County Superior Court asserting two claims of ineffective assistance of counsel at Vargas's preliminary hearing based on counsel's failure to object to the victim's false testimony and counsel's failure to move to exclude tampered evidence. Ex. H. On January 26, 2018, the court denied the petition, holding that Vargas was barred from raising these claims because, as a condition of his plea agreement, he consented to waive his right to any postconviction writ review. *Id.* On February 15, 2018, Vargas filed a third petition in the Monterey Superior Court alleging the court imposed illegal fines and restitution. Ex. I. On May 11, 2018, the court denied the petition on the merits and because the claim should have been brought on appeal, not in a petition for habeas relief. *Id.* On May 30, 2018, Vargas filed a second petition for a writ of habeas corpus in the California Court of Appeal. Ex. J. This petition was denied on June 22, 2018. *Id.* On June 6, 2018, Vargas filed a third petition in the California Court of Appeal. Ex. K. This petition was also denied on June 22, 2018. *Id.*

---

[1] In California, a plea of no contest to a felony charge is the same as pleading guilty. *Wright v. Director of Corrections*, 2013 WL 6388380, *4 (C.D. Cal. Dec. 6, 2013) (citing Cal. Penal Code §1016(3)).

[2] As a pro se prisoner, Vargas gets the benefit of the "mailbox rule," under which the petition is deemed filed when the prisoner delivers it to prison authorities for mailing to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will use the date the petition was signed as the filing date.

On July 9, 2018 Vargas filed a second petition for writ of habeas corpus in the California Supreme Court. Ex. L. In this petition, Vargas alleged the trial court imposed illegal restitution and allowed the victim to lie at Vargas's preliminary hearing. *Id.*

On November 6, 2018, Vargas filed this federal petition.

## DISCUSSION

### I. Effect of Plea Agreement on Habeas Claims

The respondent argues Vargas's three claims are barred by his no contest plea.

A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012). The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

In his federal petition, Vargas does not challenge the voluntary or intelligent nature of his plea or his counsel's advice to plead guilty. Instead, he challenges the admission of evidence at his preliminary hearing and a search and seizure that preceded his arrest. These claims are foreclosed from habeas review by Vargas's plea of no contest.

Furthermore, the state court record shows that Vargas's plea of no contest was voluntary and intelligent. At Vargas's change of plea hearing, he agreed to the following: (1) he understood the terms and conditions under which he was willing to plead no contest; (2) no one made any promises to him other than what was stated in open court; (3) no one forced him or threatened him to plead no contest; (4) he was not under the influence of alcohol, drugs or medications; (5) he understood that his plea of no contest would have the same force and effect as a guilty plea; (6) he read and understood the provisions of the waiver of rights in his written plea agreement and signed his initials on the corresponding lines of each right waived; (7) he understood he was giving up his right to have a speedy and public jury trial, the right to remain silent, the right to confront and cross-examine witnesses who would testify against him at a trial,

the right to testify himself and to present witnesses on his own behalf, and the right to appeal his conviction. Ex. C at 9-14. In his plea agreement, he initialed the paragraphs describing the rights he was waiving by accepting the plea agreement. Ex. A. at 86-88.

In his opposition, Vargas argues that he has new evidence and that a claim based on new evidence "cannot be barred from attack from review." However, Vargas does not describe the new evidence nor does he cite any authority that a claim based on new evidence can overcome the bar on habeas claims after the entry of a plea of no contest.

The motion to dismiss is granted based on Vargas's plea.

## II. Effect of Waiver of Federal Review in Plea Agreement

The respondent argues that Vargas's claims are barred by his waiver of federal review in his plea agreement.

As discussed above, some constitutional rights are automatically waived by entering an unconditional guilty plea. Such rights include, among others, the right to a jury trial, the right to confront one's accusers, and the right to invoke the privilege against self-incrimination, *McCarthy v. United States*, 394 U.S. 459, 466 (1969), as well as the right to challenge constitutional defects which occur before the entry of the plea, *United States v. Broce*, 488 U.S. 563, 573-74 (1989). Of the rights that survive entry of a guilty plea, some still may be expressly waived through plea agreements. For example, defendants generally may agree to waive the right to appeal the sentence. *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). A defendant may waive his right to bring federal habeas claims, but the waiver must be express. *Lemke v. Ryan*, 719 F.3d 1093, 1096-97 (9th Cir. 2013).

In the plea agreement Vargas signed, he specifically initialed paragraph 14, which states:

> I hereby waive and give up all rights regarding state and federal writs and appeals. This includes, but is not limited to, the right to appeal my conviction, the judgment, and any other orders previously issued by this court. I agree not to file any collateral attacks on my conviction or sentence at any time in the future.

Ex. A at 86.

Because Vargas expressly waived his right to file any collateral attack on his conviction

4

or sentence, he is precluded from asserting his three claims in a federal habeas proceeding. In his opposition, Vargas again argues that "newly discovered evidence . . . could have changed the plea agreement before it was entered." However, he does not describe the new evidence nor cite any cases that support his argument.

The motion to dismiss is granted based on Vargas's waiver of his right to file a federal habeas petition.

**III. Preliminary Hearing Claims**

The respondent argues that Vargas's first two claims challenging the admissibility of evidence at his preliminary hearing are not cognizable in federal habeas review.

A preliminary hearing is not mandated by the constitution. *Ramirez v. Arizona*, 437 F.2d 119, 119-20 (9th Cir. 1971) (no federal constitutional right to a preliminary hearing); *Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010) (holding Sixth Amendment right to confront witnesses does not apply to preliminary hearings because "there are no constitutionally-required procedures governing the admissibility of hearsay at preliminary hearings"). Because there is no constitutional right to a preliminary hearing and no Sixth Amendment right at a preliminary hearing, it follows that other constitutional rights applicable to a trial, including the right to have certain evidence suppressed, do not apply to preliminary hearings. Furthermore, the preliminary hearing claims also fail because no Supreme Court authority holds that constitutional protections apply to preliminary hearings. *See* 28 U.S.C. § 2254(d)(1) (district court may grant a petition challenging a state conviction only if the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States).

In his opposition, Vargas argues that the preliminary hearing is where counsel should challenge the admissibility of evidence that cannot be used at trial. Even if this is true, there is no constitutional right to do so at a preliminary hearing.

The motion to dismiss the two preliminary hearing claims is granted.

**IV. Illegal Search and Seizure Claim**

The respondent argues that Vargas's claim three, alleging an "illegal search and seizure," is barred by *Stone v. Powell*, 428 U.S. 465 (1976).

*Stone*, 428 U.S. at 481-82, 494, bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. All *Stone* requires is the initial opportunity for a fair hearing. Such an opportunity for a fair hearing forecloses a federal habeas court's inquiry into the trial court's subsequent course of action. *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) ("Under California law, a defendant can move to suppress evidence on the basis that it was obtained in violation of the fourth amendment.").

In his opposition, Vargas argues the merits of his claim without addressing *Stone v. Powell*.

Given that Vargas's fourth amendment claim is barred from habeas review by *Stone v. Powell*, the respondent's motion to dismiss the third claim is granted.

**V. Respondent's Other Arguments**

The respondent also argues the claims must be dismissed because they are untimely, procedurally barred and unexhausted. Because the claims are dismissed on the grounds discussed above, the Court does not address these three arguments.

## CONCLUSION

The respondent's motion to dismiss is granted; Vargas's motion to dismiss the respondent's claims is denied. Because amendment would be futile, dismissal is without leave to amend. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which jurists of reason would find it debatable whether the court's procedural rulings were

correct. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of the respondent and close the file.

**IT IS SO ORDERED.**

Dated: August 1, 2019

_____
VINCE CHHABRIA
United States District Judge